UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 25-2040 |
| UNNISHA S. PAIGE, *et al.* | SECTION M (4) |

## ORDER & REASONS

Before the Court is a motion for a temporary restraining order and preliminary injunction filed by the United States of America (the "government") seeking to prevent defendants Unnisha S. Paige, Rosetta A. Jones, Capriata D. Oatis, Keyante St. Cyr, Laporscha Thompson, Deshira J. Horton, and India T. Toppins, individually and doing business as Paige's Income Tax Services ("Paige Tax") (collectively, the "Defendants"), from preparing or directing others to prepare tax returns in the 2026 tax season.[1] Having considered the government's memorandum, the complaint, the record, and the applicable law, the Court grants the motion for a temporary restraining order and defers ruling on the government's request for a preliminary injunction until the Defendants have had an opportunity to respond.

### I.   BACKGROUND

Paige Tax is a tax return preparation business with several locations across south Louisiana.[2] The government claims that each of the Defendants – all of whom are affiliated with Paige Tax locations – fraudulently prepare tax returns for their customers, resulting in illegitimate refunds to customers from which the Defendants take exorbitant, undisclosed fees.[3]

---

[1] R. Doc. 49.
[2] *Id.* at 3-4, 7.
[3] R. Doc. 1 at 9.

Specifically, the government alleges that for years, the Defendants have routinely made false claims for various tax credits, including the Fuel Tax Credit, the Credit for Sick and Family Leave, the Child and Dependent Care Credit, and the American Opportunity Tax Credit, among others.[4] They also fabricate income and expenses on Schedules C to falsely report their customers' taxable income, resulting in unwarranted or inflated Earned Income Tax Credits.[5] After requesting the inflated refunds, says the government, the Defendants take large and undisclosed fees from each customer's refund.[6] The government submits that many of the Defendants' customers are unaware of the Defendants' unlawful practices, either because they are unskilled or inexperienced tax preparers or because the Defendants have explicitly misled them about the legality of the business's tax practices.[7]

The government now seeks immediate injunctive relief barring the Defendants, individually and doing business as Paige Tax, from (1) preparing federal tax returns for others or from being involved with tax preparation for others; (2) owning, investing in, or receiving fees or income from tax preparation; and (3) assigning or selling a customer list or proprietary information pertaining to their tax preparation.[8] The government also requests that this Court order the Defendants to immediately close all tax preparation stores that they own or operate.[9]

## II.  LAW & ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure Rule 65 provides that "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A)

---

[4] *Id.* at 13, 23-29; R. Doc. 50 at 13-20.
[5] R. Doc. 1 at 13, 16-23; R. Doc. 50 at 5-13.
[6] R. Doc. 1 at 30-32.
[7] *Id.* at 13.
[8] R. Doc. 49 at 1.
[9] *Id.*

2

specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). A preliminary injunction cannot be granted unless notice of the motion has been provided to the opposing party. Fed. R. Civ. P. 65(a)(1).

The movant for a temporary restraining order, like an applicant for a preliminary injunction, must show: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the restraining order is not granted (*i.e.,* that there is no adequate remedy at law); (3) the movant's threatened injury outweighs the threatened harm to the party whom the movant seeks to enjoin; and (4) that granting the request for a temporary restraining order will not disserve the public interest. *See PCI Transp., Inc. v. Fort Worth & W. R.R. Co.,* 418 F. 3d 535, 545 (5th Cir. 2005). Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Martono-Chai v. Williams*, 2025 WL 974251, at *1 (E.D. La. Apr. 1, 2025) (citing *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008)).

### B. Analysis

#### 1. Temporary Restraining Order

The government has clearly carried its burden on each of the four requirements for a temporary restraining order. The Court will address each requirement in turn.

First, the government has shown a substantial likelihood of success on the merits. The government's complaint seeks injunctive relief pursuant to 26 U.S.C. §§ 7402, 7407, and 7408, as

3

well as disgorgement pursuant to 28 U.S.C. § 7402.[10] The government has attached to its motion significant evidence showing Defendants' involvement in the preparation of fraudulent tax returns. Specifically, the government's evidence shows that the Defendants repeatedly and continually engaged in conduct violative of the Internal Revenue Code, as set forth in the government's memorandum.[11] *See also United States v. Harden*, 2018 WL 6982144, at *2 (M.D. Fla. Dec. 21, 2018) (finding that the government demonstrated a substantial likelihood of success on the merits in a case with similar facts); *United States v. Stinson*, 661 F. App'x 945, 951 (11th Cir. 2016) (same).

Second, the government has shown a substantial threat that it will suffer irreparable injury if the restraining order is not granted. Each year, the Defendants' fraudulent returns result in improper refunds, and the government can only recoup these losses by individually auditing, and then seeking separate remedies from, each of the Defendants' customers. And, as the government points out, even that time-consuming and costly approach is not certain to result in an adequate remedy because many of the Defendants' customers "may not have the means to timely (if at all) repay the erroneous refunds that they received, plus any additional tax owed."[12]

Third, the government has shown that the threatened harm it will face without injunctive relief far outweighs any harm the Defendants may suffer from the grant of a temporary restraining order. The government's evidence shows that the continued operation of the Defendants' business would likely result in continued fraudulent tax practices that would deprive the government of substantial revenue. The Court recognizes that the Defendants will be enjoined from operating their business and thus will face some hardship from this Court's temporary restraining order.

---

[10] R. Doc. 1 at 34-42.
[11] *See generally* R. Doc. 50 at 25-31.
[12] *Id.* at 34.

4

However, because a temporary restraining order will last only 14 days, and the Court will hold an expedited hearing on the government's request for a preliminary injunction, the threat of harm is relatively minor compared to the harm the government faces. Should the Defendants prevail at a hearing on the preliminary injunction, they will be permitted to resume operating their business with a significant amount of time remaining in the tax season.

Fourth, the government has shown that granting the request for a temporary restraining order will not disserve the public interest. The Court has already explained how the Defendants' practices harm the government. The government also provided ample evidence that the Defendants' practices harm their customers.[13] Further, "[t]here is a 'broad public interest in maintaining a sound tax system.'" *United States v. Ajak*, 765 F. Supp. 3d 552, 564 (E.D. Tex. 2025) (quoting *United States v. Grider*, 2010 WL 4514623, at *4 (N.D. Tex. 2010)).

### 2. Preliminary Injunction

Finally, the government's motion also seeks a preliminary injunction, but it requests that this Court provide an expedited briefing schedule on the request for a preliminary injunction and defer ruling until the parties complete their briefing.[14] As the government's request is well-founded, the Court has provided the parties an expedited briefing schedule and will defer ruling on the request for a preliminary injunction until briefing is complete.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the government's motion for a temporary restraining order (R. Doc. 49) is **GRANTED** in part and **DEFERRED** in part.

---

[13] *Id.* at 8-11.
[14] R. Doc. 49 at 3.

**IT IS FURTHER ORDERED** that Unnisha S. Paige, Rosetta A. Jones, Capriata D. Oatis, Keyante St. Cyr, Laporscha Thompson, Deshira J. Horton, and India T. Toppins, and anyone acting in concert or participation with them, are **IMMEDIATELY ENJOINED** pursuant to Internal Revenue Code (26 U.S.C.) §§ 7402, 7407, and 7408, from acting as federal tax return preparers and assisting in, advising, or directing the preparation or filing of federal tax returns, amended returns, or any other federal tax documents or forms for any person or entity other than themselves, including causing other individuals or entities to prepare tax returns, or in any manner (directly, indirectly, overtly, or covertly) being involved with tax preparation for any person or entity other than themselves; investing in, providing capital or loans to, or receiving fees or remuneration from a tax return preparation business or from tax preparation; and owning, operating, managing, working in, controlling, licensing, consulting with, or franchising a tax return preparation business.

**IT IS FURTHER ORDERED** that Unnisha S. Paige, Rosetta A. Jones, Capriata D. Oatis, Keyante St. Cyr, Laporscha Thompson, Deshira J. Horton, and India T. Toppins, pursuant to 26 U.S.C. § 7402, shall **IMMEDIATELY CLOSE all tax return preparation stores** that they currently own directly or through any entity.

**IT IS FURTHER ORDERED** that Unnisha S. Paige, Rosetta A. Jones, Capriata D. Oatis, Keyante St. Cyr, Laporscha Thompson, Deshira J. Horton, and India T. Toppins, pursuant to 26 U.S.C. § 7402, are **PROHIBITED from using, sharing, assigning, transferring, or selling**: (1) a personal or business Preparer Tax Identification Number(s) (PTIN); (2) a personal or business Electronic Filing Identification Number(s) (EFIN); (3) any other federally issued identification number(s) to prepare or file federal income tax returns; (4) a list of customers or any other customer information; or (5) any proprietary information pertaining to their tax return preparation or tax preparation businesses.

**IT IS FURTHER ORDERED** that Unnisha S. Paige, Rosetta A. Jones, Capriata D. Oatis, Keyante St. Cyr, Laporscha Thompson, Deshira J. Horton, and India T. Toppins, pursuant to 26 U.S.C. § 7402, shall **IMMEDIATELY provide a copy of this Temporary Restraining Order** to all of their principals, officers, managers, employees, and independent contractors.

**IT IS FURTHER ORDERED** that Unnisha S. Paige, Rosetta A. Jones, Capriata D. Oatis, Keyante St. Cyr, Laporscha Thompson, Deshira J. Horton, and India T. Toppins, pursuant to 26 U.S.C. § 7402, shall **NOT REQUEST OR OBTAIN** from customers or potential customers Forms W-2, 1099, or other tax forms and/or information pertinent to or necessary for preparing a federal tax return in 2026.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order against Unnisha S. Paige, Rosetta A. Jones, Capriata D. Oatis, Keyante St. Cyr, Laporscha Thompson, Deshira J. Horton, and India T. Toppins **shall remain in effect for fourteen days unless dissolved or extended for good cause by this Court**.

**IT IS FURTHER ORDERED** that the Court **DEFERS** ruling on the government's motion for a preliminary injunction until such time as Unnisha S. Paige, Rosetta A. Jones, Capriata D. Oatis, Keyante St. Cyr, Laporscha Thompson, Deshira J. Horton, and India T. Toppins have an opportunity to respond to the motion for preliminary injunction and be heard. The Defendants shall file any response to the motion for a preliminary injunction within **seven days** of this order, and the government may file any reply within **three days** thereafter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall distribute a copy of this Order & Reasons to the unrepresented defendants, Rosetta A. Jones and Laporscha Thompson, via e-mail.

New Orleans, Louisiana, this 2nd day of February, 2026.

                                                            _____
                                                            BARRY W. ASHE
                                                            UNITED STATES DISTRICT JUDGE