**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-2040** |
| **UNNISHA S. PAIGE; ROSETTA A. JONES; CAPRIATA D. OATIS; KEYANTE ST. CYR; LEAH SMITH; LAPORSCHA THOMPSON; DESHIRA J. HORTON; AND INDIA T. TOPPINS, INDIVIDUALLY AND D/B/A PAIGE'S INCOME TAX SERVICES, AKA PAIGE TAX** | **SECTION: "M" (4)** |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff United States' **Motion for Sanctions Against Defendant Unnisha Paige (R. Doc. 107)**. The matter has been referred to the undersigned Magistrate Judge to determine the appropriate amount and to submit Proposed Findings and Recommendations pursuant to Title 28 U.S.C. § 636(b)(1)(B).

## I. Background

This action was filed by the United States in part to obtain an injunction. Defendant Unnisha Paige ("Defendant Paige" or "Paige") failed comply with her discovery obligations, impeding the government's ability to litigate this case. She failed to respond to discovery on April 28, and on July 10, 2026. Paige also failed to provide a reason for her failure to respond.

As a result, the government seeks an adverse inference because of Paige's intentional failure to comply with discovery as a result of her withholding documents. According to the government, Paige is a party who fails to produce evidence in its control in order to conceal adverse facts, citing *Pontiff v. Wood Grp. PSN, Inc.,* 2015 WL 5056572, at * 1 (W.D. La. Aug. 25, 2015). The government also contends that the Court should infer that Paige exercised oversight over Paige Tax franchisees, received income from those franchisees, and participated in the preparation of tax

returns for customers that included false information. Additionally, the government contends that the Court should award it reasonable attorneys' fees as a result of Paige's failure to respond pursuant to FED. R. CIV. P. 37(d)(3).

II. **Standard of Review**

**A. Discovery Order Violation**

Rule 37 applies when a party has violated a court order, such as a discovery ruling, during a period of active litigation. FED. R. CIV. P. 37(b)(2); *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 n.7 (7th Cir. 1994); *see also Settles v. United States*, 2018 WL 5733167, at *3 (W. D. Tex. Aug. 29, 2018). "To determine whether a referred motion for sanctions is dispositive or non-dispositive, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether [Federal Rule of Civil Procedure] 72(a) or 72(b) applies." *Siegel v. Compass Bank*, 2021 WL 4498914, at *1 (N.D. Tex. Jan. 11, 2021) ("To allow otherwise would permit the party seeking sanctions to engage in a game of labels that would improperly dictate the standard of review.") (cleaned up); accord *Jim Adler* v. *McNeil Consultants, LLC*, 2023 WL 2699511, at *14 n.8 (N.D. Tex. Feb. 15, 2023) (collecting cases).

The undersigned has authority to enter a non-dispositive order granting attorneys' fees or other non-dispositive sanctions under Federal Rule of Civil Procedure 37(e) or denying a request for what might be considered a dispositive sanction. See 28 U.S.C. § 636(b); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam) (a magistrate judge has authority to enter a non-dispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37).

Such sanctions may include—but are not limited to—orders deeming certain facts established; permitting an adverse inference instruction; striking pleadings; prohibiting the

"disobedient" party from making specific claims or introducing certain matters into evidence; dismissing a claim or the entire action or granting default judgment against the disobedient party; or entering an order of contempt. *Merritt*, 649 F.2d at 1016-17 (citing 28 U.S.C. § 636(b)(1)(A)); FED. R. CIV. P. 37(b). Rule 37 does not identify the factors courts should weigh in considering whether to sanction a party for noncompliance with the court's discovery orders, but the Rule instructs that the sanctions must be "just," FED. R. CIV. P. 37(b)(2)(A), meaning that "the severity of [the] sanction must be commensurate with the non-compliance." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 140 (2d Cir. 2007).

## III. Analysis

The government alleges that Paige failed to comply with three court orders; one order was issued on March 19, 2026, and the other on April 9, 2026. R. Doc. 84; R. Doc. 95. The government contends that it filed a renewed motion to compel against Paige which was granted and also unopposed. R. Doc. 102. Paige again failed to comply with the Court's order and failed to also offer any explanation for her failure to comply. R. Doc. 107.

Under certain circumstances, a sanction in the form of an adverse inference can be imposed by a federal court. "The logic supporting the adverse inference rule is that a party fails to produce evidence in its control in order to conceal adverse facts." *BNSF Ry. Co. v. Bhd. of Maint. of Way Emps.*, 550 F.3d 418, 424 (5th Cir. 2008). Accordingly, adverse inferences are generally sought under the rules of evidence when the facts indicate that a party acted in bad faith to spoil or destroy relevant evidence[1] or when a party violated the "uncalled-witness rule."[2] "Under the spoliation doctrine, a jury may draw an adverse inference 'that a party who intentionally destroys important

---

[1] *King v. Illinois Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003); *Vick v. Texas Emp. Comm'n.*, 514 F.2d 734, 737 (5th Cir. 1975).
[2] *Herbert v. Wal–Mart Stores, Inc.*, 911 F.2d 1044, 1046 (5th Cir. 1990).

evidence in bad faith did so because the contents of those documents were unfavorable to that party.'" *Whitt v. Stephens Cnty.*, 529 F.3d 278, 284 (5th Cir. 2008) (quoting *Russell v. Univ. of Tex.*, 234 Fed.Appx. 195, 207 (5th Cir. 2007)).

Under FED. R. CIV. P. 37(b)(2)(A)(i), the court also has the discretionary authority to designate facts admitted as a sanction for a party's failure to comply with a court order. The Fifth Circuit has applied this rule and deemed "the *prima facie* elements of the plaintiffs' liability claim were established" as a sanction for the defendant's "flouting [of] the court's order compelling discovery." *Chilcutt v. United States*, 4 F.3d 1313, 1319 (5th Cir. 1993) (emphasis in original).

In this case, however, the Plaintiff does not allege that Paige spoiled or destroyed any evidence, nor does it allege that Paige is refusing to call witnesses with important information. The Plaintiff does however allege that Paige has flouted three (3) discovery court orders. R. Doc. 84; R. Doc. 95; R. Doc. 107. The discovery sought by the government that Paige failed to respond to included requests for customer files, training material, communications, and documents showing her oversight of and receipt of income from Paige Tax franchises. Because of her failure to comply with three (3) discovery orders seeking this information, the government contends that an adverse inference should be drawn that Paige exercised oversight over Paige Tax franchises, received income from them, and participated in the preparation of tax returns for customers that included false information. R. Doc. 107-1 at 3.

In considering the issue, the Court finds that it is recommended that an adverse inference be issued that Paige exercised oversight over Paige Tax Franchisees, received income from them, and participated in the preparation of tax returns for customers that included false information. *See Felman Prod., Inc. v. Indus. Risk Insurers*, 2011 WL 4547012, at *17 (S.D. W. Va. Sept. 29, 2011) (concluding adverse inference instruction stating that plaintiff's unproduced documents supported

defendant's fraud counterclaim was an adequate remedy under Rule 37(b) instead of requested default judgment); *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71–72 (2d Cir. 1988) (holding imposition of preclusive sanctions against defendants was supported by evidence that defendants repeatedly failed to comply with discovery orders and noting Rule 37(b) provides that the court may make such orders in regard to failure to comply as are "just"). A court's ability to punish misconduct "is necessary to the integrity of the courts, for 'tampering with the administration of justice . . . involves far more than an injury to a single litigant.'" *Pruco Life Ins. Co.* v. *Villarreal*, 2022 WL 14915624, at *4 (S.D. Tex. Oct. 25, 2022).

Having determined that an adverse inference is appropriate, the Court will next proceed with a determination of the attorney's fee award. Under the Equal Access to Justice Act ("EAJA"), a prevailing party is entitled to attorney's fees in any civil action brought by or against the United States unless the court finds that the United States was "substantially justified or that special circumstances make an award unjust[.]" 28 U.S.C. § 2412(d)(1)(A).

Section 2412(d) serves two purposes: "to ensure adequate representation for those who need it and to minimize the costs of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir. 1988) (emphasis added). Both goals need to be considered when evaluating the Plaintiff's motion.

First, the Court must determine a reasonable hourly rate to award. Under Title 28 U.S.C. § 2412(d)(2)(A), reasonable attorney's fees are "based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special

factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

The EAJA provides that other adjustments can be made to the attorneys' fees. 28 U.S.C. § 2412(d)(2)(A)(ii). However, any requested rates higher than the statutory cap of $125 must be justified by an increase in the cost of living or a special factor, "such as the limited availability of qualified attorneys for the proceedings involved[.]" *Id.* Furthermore, while the EAJA allows for adjustment of the hourly rate, it does not require it. *Baker*, 839 F.2d at 1084. Instead, the EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006).

When a given locale has experienced a significant change in the cost of living, the court may increase the hourly rate beyond the nominal statutory cap. *See Baker*, 839 F.2d at 1084. However, the Fifth Circuit has rejected the argument that increases in the EAJA statutory cap must precisely track increases in the cost of living. *Id.*

Thus, the Fifth Circuit has characterized figures adjusted for cost of living as the maximum, since "Congress intended to provide attorneys at most with an hourly rate in present-day dollars commensurate with seventy-five dollars in 1981[.]" *Baker*, 839 F.2d at 1084; *see also Washington v. Barnhart*, 93 Fed. Appx. 630, 631 (5th Cir. 2004) (per curiam) ("[E]xcept in unusual circumstances, if there has been a significant increase in the cost of living that would justify an increase in the fee, the increase should be granted even though the ultimate award need not track the cost-of-living index"). The Fifth Circuit has also held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered." *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992). Therefore, EAJA fees must

be adjusted yearly. To do otherwise "in effect award[s] interest for the ... delay in payment" and "is a prohibited award of interest against the United States." *Perales*, 950 F.2d at 1076–77.

In this case, the United States contends that it is entitled to attorneys' fees in the amount of $1,536.00, based on an hourly rate of $256.00 per hour for work done in 2026 by attorney Daniel Causey. R. Doc. 107-1 at 4. The government alleges that this rate represents the cost-of-living adjustments allowed by the EAJA. *Id.*

The Court finds that: (205.05 / 100)[3] x $125.00 = $256.31. Accordingly, the Court finds that the rate of $256.31 is the reasonable rate for the billing attorney, adjusted by the CPI-U. Therefore, the reasonable rate for work performed by Daniel Causey in this matter is $256.31.

***2. Hours Reasonably Spent on Litigation***

The government seeks to recover for 6 hours of work on the subject case, for a total award of $1,536.00. R. Doc. 107-1 at 4. He contends that these hours and fee amount are reasonable. *Id.* Paige has not challenged the reasonableness of this proposed fee.

The fee applicant bears the burden of supporting the reasonableness of all time expenditures. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Moreover, district courts have considerable discretion in this area because of their familiarity with the case and the attorneys. *See Associated Builder & Contractors, Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 379 (5th Cir. 1990).

Causey contends that he spent three hours performing work related to the government's demand for discovery responses from Paige and that the work included attempting to contact counsel for Paige and drafting the motion to compel. R. Doc. 107-2 at 1. Causey also states that he spent an additional three (3) hours performing work related to the outstanding discovery after

[3] According to the U.S. Bureau of Labor Statistics, the Annual Average CPI-U for a South City Size Class B/C in 2023 was 187.155. *Consumer Price Index Overview Table – Southeast*, U.S. Bureau of Labor Statistics, https://www.bls.gov/regions/southeast/data/xg-tables/ro4xg01.htm.

the Court issued the order on June 26. *Id.*; *see* R. Doc. 102. He states that this work included efforts to contact counsel for Page and drafting the Motion for Sanctions.

It is well settled that supporting documentation for attorney's fees must be of sufficient detail and probative value to enable the court to "determine with a high degree of certainty" that the billing is reasonable. *Miss. State Chapter Operation Push v. Mabus*, 788 F.Supp. 1406, 1416 (N.D. Miss. Mar. 4, 1992) (Davidson, G.); *see League of United Latin American Citizens No. 4552 v. Roscoe ISD*, 119 F.3d 1228, 1233 (5th Cir. 1997) (noting that litigants "take their chances" when submitting vague fee applications). Descriptions such as "legal issues," "conference re all aspects," and "call re status" are vague descriptions. *In re Donovan*, 877 F.2d 982, 995 (D.C. Cir. 1989); *Lalla v. City of New Orleans*, 161 F.Supp.2d 686, 706 (E.D. La. Apr. 4, 2001). In reviewing attorney's fees applications, the court may also reduce or eliminate hours if the documentation of those hours is "vague or incomplete," and must consider whether proper billing judgment was exercised. *Lalla*, 161 F.Supp.2d at 706.

The court finds that the hours are reasonable. Therefore, it is recommended that the United States be awarded $1,536.00 in reasonable attorney's fees.

## IV. Recommendation

Accordingly,

**IT IS RECOMMENDED** that the Plaintiff's **Motion for Sanctions against Defendant Unnisha Paige (R. Doc. 107)** be **GRANTED,** and that the Plaintiff be awarded reasonable attorney's fees in the amount of **$1,536.00**.

**IT IS FURTHER RECOMMENDED** that the Court issue an adverse inference that Paige exercised oversight over Paige Tax Franchisees, received income from them, and participated in the preparation of tax returns for customers that included false information.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within **fourteen (14)** days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 21st day of September 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**