UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 25-2040 |
| UNNISHA S. PAIGE, *et al.* | SECTION M (4) |

**ORDER**

On September 21, 2026, the United States Magistrate Judge issued a Report and Recommendation ("R&R") on the government's motion for sanctions against defendant Unnisha Paige arising from Paige's violation of discovery orders.[1] The R&R recommended that the government's motion be granted and that the government be awarded reasonable attorney's fees in the amount of $1,536.00.[2] The R&R also recommended that this Court issue an adverse inference against Paige finding that Paige exercised oversight over Paige Tax franchisees, received income from them, and participated in the preparation of tax returns for customers that included false information.[3] Objections to the R&R were due on or before October 5, 2026.[4] Paige did not file an objection. However, codefendant Deshira J. Horton objected to the R&R and "request[ed] an express limitation that any inference based on Unnisha S. Paige's discovery violations applies solely against Paige."[5] Specifically, Horton asks the Court to sustain her objection and include the following limitation in any order adopting the adverse-inference recommendation:

> Any adverse inference adopted from the [R&R] concerning Paige's oversight of Paige Tax franchisees, receipts of income from them, or participation in preparing returns containing false information applies solely against [d]efendant Unnisha S.

---

[1] R. Doc. 121 (citing R. Doc. 107).
[2] *Id.* at 5-8.
[3] *Id.* at 3-5, 9.
[4] *Id.* at 9.
[5] R. Doc. 123 at 1. Horton states that she "takes no position on whether Paige should be sanctioned, on the sanctions recommended against Paige, or on any award of attorney's fees against Paige." *Id.*

> Paige. It shall not be treated as an established fact, presumption, evidentiary inference, or discovery sanction against [d]efendant Deshira J. Horton, and shall not shift any burden to Horton. The inference does not resolve Horton's relationship or financial arrangements with Paige; the existence or degree of Paige's supervision or control over Horton; Horton's knowledge of Paige's or any other defendant's conduct; who prepared or participated in preparing any return attributed to Horton; whether information on such a return was false; or Horton's knowledge, intent, willfulness, recklessness, or due diligence concerning that information. Those matters remain subject to proof independently of Paige's sanction. This limitation applies at summary judgment, at trial, and in any other merits determination concerning Horton. No party may invoke Paige's sanction as proof against Horton, and any presentation of the inference to the factfinder shall expressly identify its application solely to Paige. Nothing in this limitation excludes otherwise admissible evidence offered independently of the sanction.[6]

The Court ordered the government to provide its position on Horton's objection and her requested modification to the adverse-inference recommendation.[7] The government responded that it does not oppose the adverse inference being limited to Paige.[8] But the government did not address the specific language requested by Horton.[9]

Having considered the government's motion for sanctions, the record, the applicable law, the R&R, Horton's objection to the R&R, and the government's response, the Court hereby approves the Report and Recommendation and adopts it as its opinion in this matter. The Court notes, though, that the adverse-inference recommendation is limited to Paige and adopts in whole the limitation articulated in Horton's objection as quoted above. Therefore,

IT IS ORDERED that the government's motion for sanctions against Paige (R. Doc. 107) is GRANTED, and the government is awarded reasonable attorney's fees in the amount of $1,536.00.

IT IS FURTHER ORDERED that the Court issues an adverse inference against Paige

---

[6] *Id.* at 4-5.
[7] R. Doc. 124.
[8] R. Doc. 126.
[9] *See id.*

finding that Paige exercised oversight over Paige Tax franchisees, received income from them, and participated in the preparation of tax returns for customers that included false information.

IT IS FURTHER ORDERED that the adverse inference applies only to Paige and no other defendant.

New Orleans, Louisiana, this 14th day of October, 2026.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE